IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Douglas H.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24-cv-03364 |
| v. | ) |
| | ) Magistrate Judge Laura K. McNally |
| Frank Bisignano, | ) |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |

ORDER[3]

Before the Court is Plaintiff Douglas H.'s brief in support of reversing the Commissioner's decision denying his application for disability benefits (Dkt. 13: Pl. Brief in Supp. of Rev., "Pl. Brief") and Defendant's motion and memorandum in support of summary judgment (Dkt. 16: Def. Mot. for Summ. J.; Dkt. 17: Def. Mem. In Supp. of Summ. J., "Def. Mem.").

---

[1] The Court in this order is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes Frank Bisignano for his predecessor(s) as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On May 9, 2024, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 6.)

I. Procedural History

Plaintiff applied for disability insurance benefits on April 1, 2022, alleging disability from May 20, 2018. (R. 194.) Plaintiff's date last insured was June 30, 2022. (R. 17.) Plaintiff's claims were initially denied on November 22, 2022 and upon reconsideration on March 20, 2023. (*Id.*) The ALJ held a telephone hearing on September 12, 2023. (*Id.*) Plaintiff, who was represented by an attorney, and a vocational expert testified.

On December 20, 2023, the ALJ issued a decision finding Plaintiff not disabled. (R. 27.) Plaintiff subsequently appealed.[4] After considering the parties' briefs and evidence, the Court grants Plaintiff's request for remand and denies Defendant's motion.

II. ALJ Decision

The ALJ applied the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date of May 20, 2018 to his date last insured of June 30, 2022. (R. 19.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of degenerative joint disease and degenerative disc disease of the cervical spine; degenerative joint disease right foot;

---

[4] The Appeals Council subsequently denied review of the opinion (R. 1), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

2

post-traumatic stress disorder; major depressive disorder; and alcohol abuse disorder. (*Id.*) The ALJ also found that Plaintiff had the nonsevere impairments of headaches, hypertension, obesity, left wrist degenerative joint disease, alcohol-related paroxysmal atrial fibrillation, and acute kidney injury with alcohol-induced pancreatitis. (R. 20.)

The ALJ found that none of Plaintiff's impairments met or equaled a Listing at Step Three. (*Id.*) As a component of this analysis, because Plaintiff had mental impairments, the ALJ undertook an evaluation of the Paragraph B factors set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). In this evaluation, the ALJ found that Plaintiff had moderate limitations in interacting with others and in concentrating, persisting, and maintaining pace. (R. 20-21.) He had mild limitations in understanding, remembering, and applying information and in managing and adapting himself. (R. 20-21.)

Before Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform medium work and that Plaintiff was further limited to

> occasionally climb ramps and stairs as well as ladders, ropes, and scaffolds; must avoid unprotected heights; can perform more than simple tasks but less than complex duties but no production rate or pace work such as assembly line work; and occasionally interact with supervisors, coworkers, and the public, but no group or team-based activities with those coworkers.

(R. 21.)

At Step Four, the ALJ found that Plaintiff was not capable of performing any of her past relevant work of telephone sales representative, sales manager, or canvasser. (R. 25.) The ALJ also found that transferability of job skills is not material given Plaintiff was in the age category of advanced age on the date last insured (and closely approaching retirement age since). (*Id.*) Still, at Step Five, the ALJ found that there were other jobs in the national economy such as food service worker, night cleaner, or counter supply worker that matched Plaintiff's residual functional capacity. (R. 26.) As a result, the ALJ found that Plaintiff was not disabled any time during the insured period. (*Id.*)

III.  Legal Standard

Under the Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022) An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

4

ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054.

The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit further has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

IV. Analysis

Plaintiff makes several arguments in favor of remand. As relevant here, Plaintiff contends that the ALJ erred by failing to adopt certain mental limitations from two state agency medical opinions the ALJ found persuasive. (Pl. Brief. at 3.) Instead, asserts Plaintiff, the ALJ changed the limitations to be less restrictive than those opined by the doctors. Moreover, the ALJ did not explain why she omitted limitations she otherwise found persuasive. The Court agrees that substantial evidence does not support the ALJ's mental limitations and thus remand is required.

It is undisputed that Plaintiff suffers from a number of severe mental impairments, including post-traumatic stress disorder, major depressive disorder, and alcohol abuse disorder. (R. 19.) When evaluating Plaintiff's mental residual functional capacity at the initial level, state agency psychologist Dr. David Voss, Ph.D., opined that

> [e]vidence within the record indicates that the claimant has social skill deficits, particularly in terms of sustained interactions with others. He has the capacity for interactions with supervisors and co-workers in a work environment where social interaction is incidental to the work performed. Allow for work settings involving limited sustained contact with the public.

(R. 75.) Upon reconsideration, state agency psychologist Melanie Nichols, Ph.D., affirmed these findings and added that Plaintiff would "struggle with the social interaction of his past work." (R. 87.)

The ALJ stated that while she found the state agency opinions generally persuasive, she did not need to adopt them "word for word." (R. 24.) While that is true,

6

the ALJ must offer enough reasoning to allow the Court to evaluate whether substantial evidence supports her departures from the medical opinions. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021.) In this case, the ALJ omitted two of Dr. Voss' limitations: jobs that have "limited sustained contact with the public," and jobs where "social interaction (with supervisors and coworkers) is incidental to the work performed." Instead, the ALJ constructed an RFC that limited Plaintiff to occasional interactions with supervisors, coworkers, and the public, and eliminated group or team-based activities. The Court is unconvinced that those limitations properly account for the state agency doctors' opinions[5] about Plaintiff's ability to interact with his supervisors and coworkers on the one hand or the public on the other.

First, the Court disagrees that limiting Plaintiff to "occasional" interactions accounts for his need for "limited sustained interaction with the public." According to the SSA's regulations, "occasional" is defined as occurring up to one-third of the workday, or 2.33 hours. *Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983). From a purely quantitative standpoint, the Court cannot agree that any job involving two or more hours of

---

[5] The Court refers to both state agency opinions but only cites to the specific limitations opined by Dr. Voss at the initial level because Dr. Nichols affirmed Dr. Voss' residual functional capacity in its entirety.

7

interaction with the public in a workday equals a limited amount of interaction.[6]

Moreover, a limitation to occasional interaction with the public does not account for the fact that none of Plaintiff's interactions can be "sustained." By the ALJ's determination, Plaintiff would be able to perform a job where he interacted with a single member of the public for two hours or even more, so long as that was his only public interaction of the day. *See, Monique J. v. Kijakazi*, No. 22 C 4573, 2023 WL 7110746, at *3 (N.D. Ill. Oct. 27, 2023) (explaining that "[e]ven a job that requires only occasional interaction could require an employee to engage in prolonged or meaningful conversations during those few occasions.") (internal citations omitted.) For these reasons, the residual functional capacity determination fails to account for Plaintiff's supported limitations interacting with the public.

Next, Defendant asserts that the residual functional capacity determination's limitation to occasional interactions with supervisors and coworkers adequately accounts for Dr. Voss' opinion that Plaintiff can only have social interactions incidental to his work. (Def. Mem. at 5.) The Court disagrees.

As explained above, "occasional" limitations are quantitative. "Incidental" limitations are qualitative - they describe interactions that are a minor part or result of a

---

[6] While SSA regulations define the term "occasional" as occurring up to one-third of the workday, the regulations do not define how long "limited" interaction may last and the Court has been unable to find a standard definition. Given the ALJ's lack of explanation for the changes she made to the state agency opinions the Court declines to conclude that occasional interaction is the same as limited interaction.

job. https://www.britannica.com/dictionary/incidental (*visited on* August 26, 2025.) *See also, Monique J.* 2023 WL 7110746, at *3 (explaining that "superficial" interaction refers to quality and not length.) Limiting Plaintiff to no more than 2.33 hours of interaction with coworkers or supervisors does not guarantee that all of that interaction would be incidental to his work. Accordingly, the ALJ's limiting Plaintiff to "occasional" interaction with supervisors and coworkers does not properly account for the opinion evidence.

The ALJ also failed to provide a basis for the elimination of group or team work activities. Although the Court might guess about the rationale for this provision, the opinion does not provide enough discussion to explain the ALJ's reasoning.

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's motion to reverse the Commissioner's decision (Dkt. 13) and denies Defendant's motion for summary judgement. (Dkt. 16.)

SO ORDERED.

                ENTER:

                *Laura K. McNally*
                _____
                LAURA K. MCNALLY
                United States Magistrate Judge

DATED: August 28, 2025